Berry, J.
(concurring). The only reason I concur in this decision reversing the denial of the suppression motion concerning the protective sweep is that the motion judge entered only limited and inchoate findings of fact. The abbreviated findings concerning what would constitute specific and articulable facts to justify a protective sweep were as follows:
“the significant delay in opening the door, the smell of fresh marijuana, the sound of running water, the sound of people moving about[,] and [the police] not knowing if the voice heard was that of the defendant ].”
*583 These limited findings do not support the protective sweep in this case. Therefore, the majority, with which I concur, reverses the denial of the suppression motion.
I write separately, however, because I believe there was additional and uncontroverted testimony by the officer that might very well have justified the protective sweep. However, under Commonwealth v. Jones-Pannell, 472 Mass. 429, 436-438 (2015), an appellate court is constricted in supplementing the motion judge’s findings of fact with uncontroverted testimony. In this case, there was such uncontroverted testimony, not addressed in the findings of the motion judge. For example, the arresting officer’s testimony included the following:
Prosecutor: “All right. Do you remember the nature of the warrant for [the defendant]?”
Trooper Babbin: “Yes. It was a WNS warrant for illegal possession of a firearm, possession of a firearm with a defaced serial number; I believe it was distribution of [c]lass A; and possession with intent to distribute of class B. . . ,”[1]
The defendant’s memorandum in support of his motion to suppress describes the warrant as relating to a probation violation. Furthermore, Trooper Babbin testified that there was a “Massachusetts] probation parole officer” present at the time of the warrant execution. However, none of this warrant background appears in the findings, which refer only to an “arrest warrant” without particularization. This is important because knowledge of a defendant’s “record of violent felonies and firearm possession charges” may yield a reasonable and articulable basis supporting a protective sweep. Commonwealth v. Matos, 78 Mass. App. Ct. *584 156, 159 (2010), quoting from Commonwealth v. DeJesus, 70 Mass. App. Ct. 114, 120 (2007) (“[A]n objective concern for [officers’] safety [can be] rooted in the articulable facts of the defendant’s criminal history”).
Again applying the Jones-Pannell rule, not to be considered in appellate review is the uncontroverted testimony of the officer that reflects other aggravating factors that may have justified the protective sweep. By way of example, the motion judge’s findings only vaguely recounted that the officers heard the voices of a man and a woman following a significant delay before the defendant opened the door and came out. The findings do not address any risk that the woman within the apartment may have posed and do not address the possibility of a second, unaccounted-for man, where the officer testified that the police did not recognize the male voice as that of the defendant (whose voice they would have heard when the defendant came out of the apartment).
A protective sweep affords officers an invaluable tool to protect their safety when effectuating an arrest in the home, a place where “[t]he risk of danger ... is as great as, if not greater than, it is in an on-the-street or roadside investigatory encounter.” Maryland v. Buie, 494 U.S. 325, 333 (1990). “Moreover, unlike an encounter on the street or along a highway, an in-home arrest puts the officer at the disadvantage of being on his adversary’s ‘turf.’ An ambush in a confined setting of unknown configuration is more to be feared than it is in open, more familiar surroundings.” Ibid.
Given the important safety concerns that may underlie a protective sweep such as in this case, I join the majority in reversing the denial of the suppression motion, but do so only because the motion judge’s findings of fact fail to reflect additional, and key, aggravating factors set forth in the uncontroverted testimony — which falls outside appellate review under Jones-Pannell.

 When the prosecutor asked Trooper Babbin whether he was aware of the disposition of the underlying charges, Trooper Babbin acknowledged that he did not know whether the charges were “tried or untried.” However, that it was a probation violation warrant is indicated in the defendant’s memorandum supporting his motion to suppress: “On February 15, 2013, the Lynn police appeared at 159A Essex Street to execute an arrest warrant for [the defendant] (probation violation).” It also should be noted that defense counsel indicated the following at the motion hearing: “the record will reflect that the warrant which issued in this case is a warrant that was issued in — and I’d ask you to take judicial notice of that — of that probation record — would indicate that the warrant was issued in 2011.” Motion counsel went on to state that the officer “had knowledge of there being an issue of violence regarding older charges, as you will note, and charges which had already been adjudicated in your review of the record.”